### WILLIAMS & MORFORD CO. v. STOKES.

(Supreme Court, Appellate Term, First Department. March 30, 1916.)

1. PLEADING ☞239(2)—AMENDMENT—TIME FOR AMENDMENT.

In an action for the reasonable value of services and for supplies, where plaintiff failed to maintain his cause as alleged, defendant cannot, after availing himself of the privilege of adjournment and requiring plaintiff to accept a bill of particulars, which he was precluded from offering because of failure to serve, object to an allowance of amendment to the complaint to set forth a cause of action for amount stated.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 627–629, 635; Dec. Dig. ☞239(2).]

2. EVIDENCE ☞354(13)—DOCUMENTARY EVIDENCE—BOOKS OF ACCOUNT.

Loose leaf ledger sheets, which the bookkeeper testified were made up from storage records handed in by the foreman and from supply slips handed in by the stockroom, were not original entries, and were not admissible in evidence under the "shop-book rule."

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1457, 1458; Dec. Dig. ☞354(13).]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. EVIDENCE ⬟—158(28)—SECONDARY EVIDENCE—ADMISSIBILITY.

   Where there was no evidence that loose leaf ledger sheets offered in evidence were copies of statements sent to defendant, the sheets were not admissible as secondary evidence, but only to refresh the recollection of the witness as to the contents of the statements.

   [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 523–525; Dec. Dig. ⬟—158(28).]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by the Williams & Morford Company against William E. D. Stokes. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued February term, 1916, before LEHMAN, WEEKS, and DELEHANTY, JJ.

Hastings & Gleason, of New York City (Edward L. Dennis, of New York City, of counsel), for appellant.

Joseph M. Williams, of New York City, for respondent.

WEEKS, J. The plaintiff originally brought this action for the reasonable value of its services for the storage of certain automobiles belonging to defendant and for supplies furnished in connection therewith, and annexed to its complaint a detailed statement of its claim. At the trial the plaintiff unsuccessfully tried to prove the cause of action alleged in the complaint. As part of this proof it attempted to introduce in evidence its own ledger sheets, containing entries of its account with the defendant.

[1] An officer of the plaintiff corporation, who was in charge of the garage, testified:

"They are original records; at the end of the month we copy from these into a regular billhead."

The bookkeeper thereafter testified that he personally mailed a statement to the defendant each month, which was "not an exact copy, probably a little more in detail." The trial justice thereupon admitted the sheets as secondary evidence of the statements of account rendered to the defendant each month, at the same time properly stating that the ledger sheets did not prove the cause of action alleged, but suggested that the plaintiff amend its complaint to set forth a cause of action for an account stated.

This suggestion was entirely in accordance with the correct practice of the Municipal Court where amendments are and should be allowed whenever they are in furtherance of justice. This amendment, moreover, was granted only upon condition that the plaintiff accept from the defendant a bill of particulars as to his counterclaim, proof of which the defendant was at that time precluded from offering for failure to serve such a bill, and the trial justice further adjourned the trial to enable the defendant to take advantage of such condition. The defendant availed himself of the privilege and cannot now be heard to urge that the amendment was improperly granted.

[2] It appeared from the evidence that the sheets which were ad-

mitted in evidence were loose leaf ledger sheets, which had been removed from what was described as the "regular charge binder," and the bookkeeper testified that they were made up from storage records handed in by the foreman and from supply slips handed in by the stockroom. They were therefore not original entries, and no proper foundation was laid for their introduction in evidence against the defendant under the "shop-book rule," but were admitted only as secondary evidence of the statements, which were claimed to have been mailed, and which defendant claimed he had not received.

[3] There was no proof that the statements were copies of the sheets which were admitted in evidence, and they were therefore not properly admissible as secondary evidence, and should only have been permitted to be used by the witness for the purpose of refreshing his recollection as to the contents of the statements which he claimed to have mailed to defendant.

The plaintiff was permitted to recover upon an account stated, supported by these sheets as secondary evidence of the statements sent, although it appeared upon the face of the ledger sheets themselves that in every month the charges for supplies were separated from the charges for storage, and that the charges for supplies in the months of October and November, 1914, were not billed to defendant, but to one Cook, his chauffeur, and the sheets for January and March, 1915, show that the only items which were billed were for storage charges.

The plaintiff was also permitted to recover for storage charges for the entire month of August, 1914, although plaintiff had accepted defendant's check dated October 23, 1914, upon the face of which was marked, "In full to Aug. 18/14," and the plaintiff was also permitted to recover upon an account stated for the months of May and June, 1915, although the defendant, upon receipt of a statement which was not itemized, gave his check, dated May 26, 1915, upon the face of which was marked, "On a/c until I can see and examine a/c."

In view of the condition of the record, we do not express any opinion as to whether there was an accord and satisfaction up to August 18, 1914; but we are of opinion that the interest of justice requires a new trial of all the matters involved, when the record will be limited to evidence properly admissible in an action upon an account stated, and the rights of the parties can thus be determined with greater fairness.

Judgment appealed from is therefore reversed, and new trial ordered, with $30 costs to appellant to abide the event. All concur.